# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MCDONALD'S CORPORATION<br>110 North Carpenter Street<br>Chicago, IL 60607<br><br>      Plaintiff,<br><br>  -v-<br><br>GB ONE, LLC<br>442 East Northwood Avenue<br>Columbus, OH 43201<br><br>and<br><br>GOLDEN BEAR DEVELOPMENT, LLC<br>411 East Town Street, Floor 2<br>Columbus, OH 43215<br><br>      Defendants. | Case No. _____<br><br>Judge _____<br><br>**MCDONALD'S CORPORATION'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiff, McDonald's Corporation ("McDonald's"), in support of its Complaint against Defendants GB One, LLC ("Landlord") and Golden Bear Development, LLC ("Developer") states as follows:

**I.     INTRODUCTION**

1.     This is an action seeking: (i) a declaration that McDonald's recorded property rights, created by virtue of certain lease documents between McDonald's and Landlord, are valid and enforceable; (ii) a declaration that Landlord's successors in interest (including Developer) are bound by the same land-use restrictions as Landlord; and (iii) a permanent injunction prohibiting Defendants from violating McDonald's rights.

2. Upon information and belief, Landlord is under contract to sell property adjacent to the subject McDonald's restaurant to Developer. Developer, despite having actual and constructive notice that the adjacent property is subject to land-use restrictions that benefit McDonald's, has represented to McDonald's that it intends to willfully violate these restrictions. Developer has further submitted site plans for its proposed development to the City of Upper Arlington (the "Proposed Development"), with such site plans further evidencing the intent to violate McDonald's property rights.

3. After McDonald's learned that the Proposed Development would violate the land-use restrictions, McDonald's objected to the Proposed Development but also attempted to negotiate a compromise with Developer. As the parties approached a potential compromise, the Developer decided that it would rather just proceed forward with its unlawful development without McDonald's consent. Developer has advised McDonald's that it intends to willfully violate McDonald's property rights, despite not having consent from McDonald's and without any legal justification for its actions.

4. McDonald's seeks this Court's intervention to declare the rights and other legal relations of the parties.

II. **PARTIES, JURISDICTION, AND VENUE**

5. McDonald's is a Delaware corporation licensed to do business in the state of Ohio, and whose principal place of business is in Illinois.

6. Landlord is an Ohio Limited Liability Company.

7. Upon information and belief, the owners of Landlord are residents of the state of Ohio.

8. Developer is an Ohio Limited Liability Company.

9. Upon information and belief, the owners of Developer are residents of the state of Ohio.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §2201(a). Under 28 U.S.C. §1332(a)(1), there is complete diversity of citizenship between the parties—McDonald's is a citizen of the State of Delaware; Landlord is an LLC and, by virtue of any owners, is a citizen of the State of Ohio; Developer is an LLC and, by virtue of any owners, is a citizen of the State of Ohio—and the "value of the object of the litigation" (a.k.a. the amount in controversy) exceeds $75,000.00, exclusive of interest and costs. Under 28 U.S.C. §2201(a), this Court has the power to declare the rights of interested parties seeking a declaration in a "case of actual controversy within its jurisdiction."

11. Landlord is subject to the personal jurisdiction of the Court. Landlord owns certain real property located at 3746 Riverside Drive, Upper Arlington, OH 43221, Parcel No. 070-004974 (the "Property"). McDonald's has a leasehold interest in the Property.

12. Landlord is also the owner of relevant real property adjacent to the Property, located at 3700 Riverside Drive, Upper Arlington, OH 43221, Parcel No. 070-014363 (the "Shopping Center").

13. Developer is subject to the personal jurisdiction of the Court. Developer is under contract to purchase, and is seeking a permit to unlawfully develop, the Shopping Center, which is located in this District.

14. Venue is proper pursuant to 28 U.S.C. §1391 because, among other things, the parties' lease agreements relate to real property in this District and a substantial number of the events giving rise to the dispute occurred in this District.

### III. FACTS COMMON TO ALL COUNTS

#### A. McDonald's Rights Under the Lease Agreement and Recorded Documents

15. McDonald's is the tenant at the Property pursuant to a Ground Lease dated November 18, 1993 (the "Ground Lease"). A copy of the Ground Lease is attached hereto and incorporated by reference as **Exhibit A**.

16. A Covenant Not to Compete (the "Covenant") was recorded on this same date in Official Record 24707C08, Franklin County Records, along with a Memorandum of Lease ("MOL") recorded at Official Record 24707C01. Copies of said documents are attached hereto and incorporated by reference as **Exhibit B** and **Exhibit C**, respectively.

17. The Ground Lease was amended on June 21, 2012 ("Lease Amendment"), and an Amended Memorandum of Lease ("Amended MOL") was recorded on May 3, 2013 in Instrument No. 201305220085546. Copies of said documents are attached hereto and incorporated by reference as **Exhibit D** and **Exhibit E**, respectively.

18. The Ground Lease was extended on September 1, 2012 ("Lease Extension") extending McDonald's leasehold interest in the Property until April 25, 2024. A copy of the Lease Extension is attached hereto and incorporated by reference as **Exhibit F**.

19. The Lease Extension sets the monthly rental rate at $5,637. *See* **Exhibit D**. McDonald's also has the option to extend the Lease for a further 20 years with monthly rents not less than $6,200 starting in 2024—increasing to over $8,200 by 2044, with total rents well in excess of $75,000. *Id.*

20. The Ground Lease, Covenant, MOL, Lease Amendment, Amended MOL, and Lease Extension are all collectively referred to herein as the "Lease."

21. There are several rights provided to McDonald's through the Lease, including the following:

   a. Ground Lease at § 5(B); Covenant at ¶ 4: "Landlord further agrees that throughout the term of this Ground Lease and any extensions thereof, all improvements constructed on the Shopping Center after the date of the Closing, shall have a 'set back' from Riverside Drive (U.S. Route 33) at least equal to the set back from said Riverside Drive of the building which Tenant plans to construct on the Demised Premises" [the "Setback Restriction"].

   b. Shopping Center Lease Addendum at § 2(A); Amended MOL at § 3: "Landlord agrees that the parking areas, common areas and drives located within two-hundred (200) feet of Parcel 1, as shown on Exhibit A, shall not be changed without Tenant's consent, which consent shall not be unreasonably withheld or delayed" [the "Parking Easement"].

**B.    Proposed Development**

22. In or around 2019, Landlord and Developer informed McDonald's that Landlord intended to sell the Shopping Center to Developer, who would demolish it to build a new structure. The Proposed Development is a five-story mixed use building, with over 20,000 square feet of retail/residential space, over 20,000 square feet of office space, and 78 residential units. In total, the building will contain over 185,000 square feet. A true and accurate excerpt of the site plans submitted to the City of Upper Arlington, Ohio on March 9, 2022 is attached as **Exhibit G**.

23. It is readily evident from the plans that the Proposed Development would violate several of McDonald's recorded property rights under the Lease.

24. Significantly, the Proposed Development violates the Ground Lease at § 5(B) and Covenant at ¶ 4 by failing to honor the Setback Restriction contained in the Lease. A true and accurate excerpt of the site plans submitted to the City of Upper Arlington, Ohio on March 9,

5

2022 is attached as **Exhibit G**. An excerpt of this site plan is imaged below, with the limits provided by the Setback Restriction highlighted in red for demonstrative purposes:



25. Ohio law measures distances between two locations "as the crow flies." There are currently over 110 parking spots within 200 feet of the Property, measuring "as the crow flies." The Proposed Development will result in a significant reduction of the number of parking spaces within 200 feet of the Property. A true and accurate copy of an ALTA land title survey depicting the current parking at the Property is attached hereto as **Exhibit H**.

    **C.**    **Developer Seeks Concessions from McDonald's**

26. As the Proposed Development would infringe on McDonald's recorded property rights related to both the Parking Easement and the Setback Restriction, Landlord and Developer approached McDonald's to negotiate McDonald's forgoing of those recorded property rights.

27. McDonald's had numerous negotiations with Landlord and Developer throughout 2019 and 2020 relating to the Proposed Development—but the parties were unable to reach a resolution.

28. On July 17, 2020, McDonald's sent a letter to Don Plank, who was at the time legal counsel for the Landlord and Developer (the "Objection Letter"). A true and accurate copy of this letter is attached hereto as **Exhibit I**.

6

29.In the Objection Letter, McDonald's advised that the Proposed Development violated McDonald's recorded property rights. (*See* **Exhibit I**) ("the redevelopment as last designed would impact our business and would certainly violate our rights that currently exist in the Ground Lease and Shopping Center Addendum.") McDonald's instructed:

> McDonald's is willing to continue conversations regarding the proposed redevelopment of the Golden Bear Shopping Center, as long as McDonald's rights in the Lease, including the easements and shopping center addendum are not impacted in any way. We are open to discussions regarding the possible redevelopment of the Shopping Center[] as long as it does not viol[a]te or compromise the existing rights of the parties.

### D.Developer and Landlord Re-Engage Negotiations After Period of Silence

30.Between September 8, 2020 and June 25, 2021, Landlord and Developer had no communication with McDonald's regarding the Proposed Development. But on June 25, 2021, Don Plank, legal counsel for Landlord and Developer, emailed McDonald's and referenced restrictive covenant concessions that could be made to benefit McDonald's as part of a compromise. A true and accurate copy of this email is attached hereto as **Exhibit J**.

31.On or around August 24, 2021, Mr. Plank sent a letter to McDonald's that purported to contain "a brief restatement and update on the proposed redevelopment" of the Shopping Center. A true and accurate copy of this letter is attached hereto as **Exhibit K**. In this letter, Mr. Plank acknowledged that the "last official communication to McDonald's was in February of 2019." *See id*.

32.Following the August 24, 2021 letter and through May 2022, McDonald's engaged in settlement negotiations with Landlord and Developer regarding a compromise that would result in McDonald's release of its recorded property rights in exchange for mutually agreeable consideration. During this time, Landlord terminated Mr. Plank as its legal counsel for the deal and secured separate counsel.

7

33. On May 18, 2022, after considerable time and investment from McDonald's in engaging in settlement negotiations, Developer advised McDonald's that it no longer intended to continue in settlement negotiations, and that it was proceeding forward with the project in violation of McDonald's rights, and without McDonald's consent.

34. On information and belief, Developer has taken this unlawful approach in bad faith, and as revenge for McDonald's standing its ground and not forgoing its recorded property rights.

35. On May 20, 2022, McDonald's objected by letter to Developer's declaration that it would violate McDonald's recorded property rights. A true and accurate copy of the letter is attached hereto as **Exhibit L**. In this letter, McDonald's reiterated:

> The Developer is not authorized to proceed forward with the development which—as you know—unquestionably violates McDonald's rights. Please be advised that **the Developer will incur all costs relating to this willful violation at its own peril**, and McDonald's reserves the right to seek immediate injunctive relief and damages, including punitive damages and attorneys' fees.

36. At all relevant times, McDonald's has objected to the Proposed Development because it would violate McDonald's recorded property rights. By virtue of the Lease, as well as the aforementioned discussions between authorized representatives for the parties, Landlord and Developer have actual and constructive knowledge of McDonald's rights under the Lease.

37. McDonald's has not consented to Developer's violation of the Parking Easement, and McDonald's is not acting unreasonably by refusing to provide such consent.

38. Despite having no authority to do so, and against McDonald's explicit objections, Developer has represented to McDonald's that it will be pursuing the Proposed Development in violation of McDonald's recorded property rights.

39. There is currently an active permit in progress in the City of Upper Arlington regarding the Proposed Development and Shopping Center. Upon information and belief, Developer's submission of complete building plans is imminent, and the approval of these plans would permit Developer to start construction, and thereby violate McDonald's property rights.

40. If Developer builds the Proposed Development, *inter alia*, (1) McDonald's will suffer irreparable harm from the violation of the restrictions on the Shopping Center contained in the Lease; and (2) the breach of contract and violations of the restrictions on land use will cause McDonald's to lose the benefit of its bargain regarding the Lease. Losses in this second category alone equal $112,740, and collectively the losses substantially outweigh the jurisdictional amount.

## COUNT ONE: Declaratory Judgment
(Land-Use Restrictions are Valid and Enforceable)

41. McDonald's incorporates by reference all of the Paragraphs above as if restated herein.

42. This claim is brought for declaratory relief pursuant to 28 U.S.C. §2201 with respect to McDonald's and Landlord's rights and obligations under the Lease.

43. Based on the facts as alleged above, an actual controversy has arisen over whether moving forward with the Proposed Development will violate McDonald's rights under the Lease.

44. McDonald's states that it has valid and enforceable recorded property rights under the Lease, of which the Proposed Development of the Shopping Center would be in clear violation—particularly relating to the Parking Easement, (*see* Shopping Center Lease Addendum at § 2(A); Amended MOL at § 3), and the Setback Restriction (*see* Ground Lease at § 5(B); Covenant at ¶ 4).

9

45. An actual, justiciable controversy exists as to McDonald's and Landlord's respective rights and obligations under the Lease.

46. Intervention by this Court is necessary to preserve the rights of the parties.

47. McDonald's is entitled to declaratory judgment setting forth its rights under the Lease in declaring as follows:

    (a) That the Ground Lease, Covenant, MOL, Lease Amendment, Amended MOL, and Lease Extension (the "Lease") are valid, binding and fully enforceable legal instruments;

    (b) That the Proposed Development violates the Setback Restriction in the Lease; and

    (c) That the Proposed Development violates the Parking Easement in the Lease.

### COUNT TWO: Declaratory Judgment
### (Landlord's Successors in Interest are Subject to the Land-Use Restrictions)

48. McDonald's incorporates by reference all of the Paragraphs above as if restated herein.

49. Developer moving forward with the Proposed Development as planned will violate McDonald's recorded property rights.

50. Like Landlord, the Developer is bound to obey the land-use restrictions to which the Shopping Center is subject.

51. McDonald's is entitled to declaratory judgment setting forth that Landlord's successors in interest are subject to the same restrictions as Landlord as follows:

    (a) That the Ground Lease, Covenant, MOL, Lease Amendment, Amended MOL, and Lease Extension (the "Lease") are valid, binding and fully enforceable legal instruments;

    (b) That any development that violates the Setback Restriction in the Lease is prohibited under the Lease, and the Setback Restriction is valid, binding and fully enforceable against all third parties; and

    (c)    That any development that violates the Parking Easement in the Lease is prohibited under the Lease, and the Parking Easement is valid, binding and fully enforceable against all third parties.

## COUNT THREE: Permanent Injunction
**(Enjoining Landlord and Landlord's Successors in Interest from Violating McDonald's Property Rights)**

52.    McDonald's incorporates by reference all of the Paragraphs above as if restated herein.

53.    By moving forward with the Proposed Development as planned, Landlord and/or Developer will be in breach of the Lease and will violate McDonald's recorded property rights.

54.    McDonald's will suffer irreparable harm by reason of this breach and violation.

55.    McDonald's has a substantial likelihood of or probability of success on the merits on its underlying claims in this action.

56.    The Court's issuance of injunctive relief to McDonald's will not unjustifiably harm third parties. To the contrary, the public interest will be served by issuance of the injunctive relief that McDonald's seeks in this Complaint.

57.    This Court should temporarily, preliminarily, and permanently restrain and enjoin Landlord and/or Developer from moving forward or beginning building the Proposed Development due to its violations of the Lease and McDonald's recorded property rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McDonald's Corporation respectfully requests that this Court enter judgment in its favor against Defendants GB One, LLC and Golden Bear Development, LLC as follows:

    (a)    On Count One, for a declaration as described in Paragraphs 41 through 47;

    (b)    On Count Two, for a declaration as described in Paragraphs 48 through 51;

(c) On Count Three, for an injunction as described in Paragraphs 52 through 57;

(d) Any other relief that this Court may deem appropriate.

Respectfully submitted,

*/s/ Sophia R. Holley*
Thomas M. Tepe, Jr. (0071313)
Sophia R. Holley (0091361)
Paul R. Kerridge (0092701)
KEATING, MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6592
Fax: (513) 579-6457
ttepe@kmklaw.com
sholley@kmklaw.com
sscott@kmklaw.com

*Attorneys for Plaintiff,*
*McDonald's Corporation*